14 F.3d 596
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Mack H. TILLEY, Petitioner,
v.
RANGER FUEL CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1097.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 24, 1993.
Decided Jan. 5, 1994.
 
 S. F. Raymond Smith, RUNDLE & COOPER, Pineville, West Virginia, for Petitioner.
 Judith E. Kramer, Deputy Solicitor of Labor, Donald S. Shire, Associate Solicitor, Alan G. Paez, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Douglas A. Smoot, JACKSON & KELLY, Charleston, West Virginia, for Respondents.
 On Petition for Review of an Order of the Benefits Review Board. (88-271-BLA)
 Ben.Rev.Bd.
 AFFIRMED.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mack Tilley, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. On appeal, Tilley challenges the ALJ's weighing of the evidence and finding of no total disability under 20 C.F.R. Sec. 718.204(c). This Court must affirm the findings of the Board unless they are not supported by substantial evidence or are contrary to law. See Wilson v. Benefits Review Board, 748 F.2d 198 (4th Cir.1984).
 
 
 2
 Initially, we reject Tilly's contention that the ALJ violated our decision in Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49 (4th Cir.1992), in weighing the blood gas evidence of record. Contrary to Tilly's assertion, the ALJ did not credit a non-qualifying study over a qualifying study merely because the study was more recent. While the ALJ noted that the most recent study of record was non-qualifying, he did not accord greater weight to either study, but properly weighed the blood gas evidence together with all other evidence relating to the issue of disability in finding that Tilley failed to establish a totally disabling respiratory or pulmonary impairment. See Clark v. Karst-Robbins Coal Co., 12 BLR 1-149 (1989); Fields v. Island Creek Coal Co., 10 BLR 1-19 (1987). This evidence included two non-qualifying ventilatory studies, and medical reports submitted by Drs. Fino, Zaldivar, Rasmussen, and Honrado.
 
 
 3
 Tilley further contends that the ALJ erred by crediting the reports of Drs. Fino and Zaldivar, which found no respiratory impairment, because those physicians relied on ventilatory studies which the physicians themselves conceded were inaccurate based on the miner's poor effort. We agree with the Board, however, that since the tests nonetheless revealed sufficient ventilatory capacity to produce non-qualifying values under the regulations, the physicians could reasonably rely on the results in forming their conclusions. As the Board has held, if a ventilatory study produces non-qualifying results even with submaximal effort, it logically follows that better effort could only produce even higher non-qualifying values. See Crapp v. United States Steel Corp., 6 BLR 1-476 (1983).
 
 
 4
 Finally, Tilley argues that the ALJ erred by failing to apply the "true doubt" rule to the issue of disability. The Respondent, Ranger Fuel Company, argues that this Court should find the true doubt rule invalid and eliminate it from consideration in all cases. The Director, Office of Workers' Compensation Programs (Director) has filed a brief in this case solely for the purpose of defending the validity of the true doubt rule, but argues that the court need not address the issue in this case.
 
 
 5
 We agree with the Director that it is unnecessary to address the validity of the true doubt rule in this case. The true doubt rule applies only where the ALJ finds the evidence to be equally probative. See Adkins, 958 F.2d at 52, n. 4. The ALJ did not find the evidence relating to disability to be equally probative, and did not apply the true doubt rule to his analysis of the disability issue. This case thus presents no issues regarding the validity or proper application of the true doubt rule.
 
 
 6
 We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED